IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | Title 18, United States Code, |
| JAMIE KIDD-DUNBAR, | ) | Sections 1028A(a)(1), 1343, and |
| | ) | 1344 |
| Defendant. | ) | |

## GENERAL ALLEGATIONS

At all times material and relevant to this Indictment:

1.   Defendant JAMIE KIDD-DUNBAR ("KIDD-DUNBAR") was a home health aide.

2.   Huntington Bank was a financial institution, as defined under Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation, a federal government agency that insured bank deposits against substantial losses with the two-fold aim of preventing a bank's collapse and instilling public confidence in the nation's banking system. Defendant had access to Victim 1's Huntington Bank debit card in the course of her employment as a home health health aide for Victim 1.

3.   Victim 1 was a resident of Elyria, Ohio. Victim 1 had multiple strokes, was legally blind, and was confined to a wheelchair. Victim 1 had a Huntington Bank debit card account x0581.

4.   In or around March 2016, Defendant became Victim 1's home health aide.

5. Victim 2 was the aunt of Victim 1 and was a resident of Elyria, Ohio. Victim 2 had a Discover Bank credit card account x6122. Defendant was also the home health aide of Victim 2. Defendant had access to Victim 2's Discover Bank credit card in the course of her employment as a home health aide for Victim 2.

6. Victim 2 died in 2017.

## COUNTS 1-3
(Wire Fraud, 18 U.S.C. § 1343)

The Grand Jury charges:

7. Paragraphs 1 through 6 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

8. From on or about January 12, 2018, to on or about June 7, 2019, in the Northern District of Ohio, Eastern Division, Defendant JAMIE KIDD-DUNBAR, devised and intended to devise a scheme and artifice to defraud Victim 1 and Victim 2 (real persons known to the Grand Jury), to obtain money and property by means of false and fraudulent pretenses, representations, and promises as set forth below.

9. After Victim 2's death, Defendant made unauthorized charges on Victim 2's Discover Bank credit card account x6122 in the amount of approximately $49,384.21.

10. Defendant fraudulently transferred funds from Victim 1's Huntington Bank debit card account x0581 to pay for unauthorized purchases on Victim 2's Discover Bank credit card 28 times, in a total amount of approximately $49,384.21.

11. Defendant fraudulently transferred funds from Victim 1's Huntington Bank account by making unauthorized transfers, purchases, and non-ATM withdrawals approximately 968 times, for a total amount of approximately $96,558.36.

12. As a result of Defendant's unauthorized transfers, purchases, and non-ATM withdrawals from Victim 1's Huntington Bank account, Victim 1 suffered a loss of approximately $145,942.57.

13. Between in or around December 2018, and continuing through in or around June 2019, in the Northern District of Ohio, Eastern Division, Defendant, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, to wit: electronic online payment transfers from Victim 1's Huntington Bank account to Victim 2's Discover Bank credit card account, from Ohio to Illinois, each wire transmission constituting a separate count as set forth below:

| Count | Date | Sent From | Source Bank | Wired to Account Name | Amount |
|---|---|---|---|---|---|
| 1 | 12/10/2018 | Victim 1's Huntington Bank account x0581 | Huntington National Bank Columbus, Ohio | Victim 2's Discover Bank credit card account x6122 Carol Stream, Illinois | $1,500.00 |
| 2 | 03/25/2019 | Victim 1's Huntington Bank account x0581 | Huntington National Bank Columbus, Ohio | Victim 2's Discover Bank credit card account x6122 Carol Stream, Illinois | $3,894.39 |
| 3 | 06/03/2019 | Victim 1's Huntington Bank account x0581 | Huntington National Bank Columbus, Ohio | Victim 2's Discover Bank credit card account x6122 Carol Stream, Illinois | $3,513.23 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 4-6
(Bank Fraud, 18 U.S.C. § 1344)

The Grand Jury further charges:

14. Paragraphs 1 through 6 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

15. Defendant JAMIE KIDD-DUNBAR fraudulently transferred funds from Victim 1's Huntington Bank debit card account x0581 by making unauthorized ATM withdrawals 159 times for a total amount of approximately $75,454.50.

16. As a result of Defendant's unauthorized ATM withdrawals from Victim 1's Huntington Bank account, Victim 1 suffered a loss of approximately $75,454.50.

17. From on or about March 12, 2018, to on or about June 7, 2019, in the Northern District of Ohio, Eastern Division, Defendant JAMIE KIDD-DUNBAR, knowingly executed and attempted to execute a scheme and artifice to defraud Huntington Bank, a federally insured financial institution, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Huntington Bank, by means of false and fraudulent pretenses, representations, and promises, each unauthorized ATM withdrawal constituting a separate count as set forth below:

| Count | Date | Financial Institution | Account | Description of Fraud | Amount |
|---|---|---|---|---|---|
| 4 | 03/13/2019 | Huntington Bank | Victim 1's account x0581 | Unauthorized ATM withdrawal | $400.00 |
| 5 | 03/20/2019 | Huntington Bank | Victim 1's account x0581 | Unauthorized ATM withdrawal | $400.00 |
| 6 | 04/05/2019 | Huntington Bank | Victim 1's account x0581 | Unauthorized ATM withdrawal | $400.00 |

All in violation of Title 18, United States Code, Section 1344.

COUNTS 7-8
(Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1))

The Grand Jury further charges:

18. Paragraphs 1 through 6 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

19. The term "means of identification," as defined under Title 18, United States Code, Section 1028(d)(7), for purposes of this Indictment, means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual and includes any name, social security number, date of birth, and unique electronic identification code, address or routing code, including a credit or debit card number.

20. From on or about January 12, 2018, through on or about June 7, 2019, in the Northern District of Ohio, Eastern Division, Defendant JAMIE KIDD-DUNBAR did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: the commission of Wire Fraud, a violation of Title 18, United States Code, Section 1343, and the commission of Bank Fraud, a violation of Title 18, United States Code, Section 1344, knowing that the means of identification belonged to Victim 1 and Victim 2 (real persons known to the Grand Jury), in violation of Title 18, United States Code, Section 1028A(a)(1), each victim constituting a separate count as set forth below:

| Count | Victim | Means of Identification |
|---|---|---|
| 7 | Victim 1 | Huntington Bank debit card x0581 |
| 8 | Victim 2 | Discover Bank credit card x6122 |

All in violation of Title 18, United States Code, Sections 1028A(a)(1).

FORFEITURE SPECIFICATION

The Grand Jury further charges:

1.      For the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2), the allegations of Counts 1 through 6 are incorporated herein by reference. As a result of the foregoing offenses, Defendant JAMIE KIDD-DUNBAR, shall forfeit to the United States any property, constituting or derived from proceeds obtained directly or indirectly as a result of the violations charged in Counts 1 through 6; including, but not limited to a Glock 42 firearm, Serial Number ACTU927, and a money judgment in the amount of the proceeds traceable to the violations charged in Count 1 through 6.

## SUBSTITUTE ASSETS

If, as a result of any act or omission Defendant, any property subject to forfeiture:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third person;
  c. has been placed beyond the jurisdiction of the Court;
  d. has been substantially diminished in value; or
  e. has been comingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Defendant up to the value of the forfeitable property described above.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.